UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAHAO KUANG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE, et al.,<br><br>Defendants. | Case No. 18-cv-03698-JST<br><br>**ORDER RE: DISCOVERY JOINT LETTER BRIEF**<br><br>Re: ECF No. 87 |

Before the Court is the parties' discovery joint letter brief. ECF No. 87. The parties presented additional argument in their joint case management statement and at a case management conference on January 16, 2019. ECF Nos. 92, 93. The Court will grant Plaintiffs' request for extra-record discovery in part.

**I.   BACKGROUND**

This case concerns Plaintiffs' challenge to a Department of Defense ("DoD") policy regarding the background investigation that DoD conducts for all enlisted recruits as part of their entry into military service. ECF No. 68 at 5-7. In an October 13, 2017 memo ("October 13 Memo"), DOD announced that lawful permanent residents ("LPRs") would be not be able to access into basic training or active service until their full background investigations had been completed. *Id.* at 8. Under the new policy, U.S. citizens – unlike LPRs – remain able to access after an initial screening. *Id.* at 7-8.

On October 19, 2018, DoD produced the administrative record. ECF No. 57. On November 16, 2018, the Court issued an order granting Plaintiffs' unopposed motion for class certification, denying DoD's motion to dismiss, and granting Plaintiffs' motion for a preliminary injunction based on their 5 U.S.C. § 706(2) claim under the Administrative Procedure Act

("APA"). ECF No. 68.

DoD has appealed the preliminary injunction, ECF No. 73, and filed a motion to stay the injunction pending appeal with the Ninth Circuit, *see Kuang v. DoD*, No. 18-17381 (9th Cir.), ECF No. 9. Pursuant to the Ninth Circuit's order, Plaintiffs filed their opposition to the stay on January 4, 2019. *Id.*, ECF No. 12. As of the issuance of this order, the Ninth Circuit has not acted on DoD's stay request.[1]

While DoD seeks to stay the Court's injunction pending appeal of that order, neither party has requested to stay further proceedings in this Court during the pendency of DoD's interlocutory appeal. Moreover, the Ninth Circuit has "repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction." *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018). The Court therefore proceeds to resolve the parties' discovery dispute.

## II. DISCUSSION

The parties contest whether Plaintiffs are entitled to fact discovery beyond the administrative record. ECF No. 87 at 2. Plaintiffs advance two arguments in support of their position. First, Plaintiffs argue that, notwithstanding the limitations on extra-record discovery that apply to their APA claims, they are entitled to discovery on the merits of their constitutional claims. *Id.* at 2-3. Second, Plaintiffs contend that they are entitled to discovery regarding the non-merits (i.e., equitable) elements of a permanent injunction. *Id.* at 3-4.

### A. Constitutional Claims

At the outset, the Court acknowledges that, as Plaintiffs point out, "[t]he caselaw on a plaintiff's ability to supplement an administrative record to support a constitutional cause of action is sparse and in some tension." *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 41 (D.D.C. 2018). The Court therefore decides this issue only in the context of the specific circumstances before it.

In this case, the Court concludes that Plaintiffs' constitutional claims do not warrant extra-

---

[1] DoD filed a similar stay motion with this Court, prior to seeking the same relief from the Ninth Circuit. ECF No. 74. Rather than conduct simultaneous proceedings on the same request, the Court held DoD's stay motion in abeyance pending further action from the Ninth Circuit. ECF No. 91.

2

record discovery. Surveying the law in this area, the *Bellion Spirits* court concluded that "[t]here appears to be a common thread running through . . . cases [denying extra-record discovery]: when a constitutional challenge to agency action requires evaluating the substance of an agency's decision made on an administrative record, that challenge must be judged on the record before the agency." 335 F. Supp. 3d at 43. Some courts have reasoned that this is so as a matter of statutory interpretation, because "§ 706 of the APA provides for judicial review of final agency action that is 'contrary to constitutional right, power, privilege, or immunity.'" *Chiayu Chang v. U.S. Citizenship & Immigration Servs.*, 254 F. Supp. 3d 160, 161 (D.D.C. 2017) (quoting 5 U.S.C. § 706(2)(B)) (collecting cases). Others have reasoned that a contrary rule would "incentivize every unsuccessful party to agency action to allege bad faith, retaliatory animus, and constitutional violations to trade in the APA's restrictive procedures for the more even-handed ones of the Federal Rules of Civil Procedure." *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1238 (D.N.M. 2014). And some courts have limited their reasoning to cases "where a plaintiff's constitutional claims fundamentally overlap with their other APA claims." *Chiayu Chang*, 254 F. Supp. 3d at 162 (citing *Alabama-Tombigbee Rivers Coal. v. Norton*, No. CIV.A.CV-01-S-0194-S, 2002 WL 227032, at *5 (N.D. Ala. Jan. 29, 2002)).

      The Court finds the reasoning in *Bellion Spirits* and *Chiayu Chang* persuasive. As the Court observed in its prior order, Plaintiffs' equal protection and substantive due process claims allege that DoD's policy lacks a rational basis, requiring a "fundamentally similar" analysis as the question whether it was arbitrary and capricious in violation of § 706(2). *Id.*; *see also* ECF No. 68 at 25-26; 29-30. Importantly, as in *Chiayu Chang*, "[n]o suspect class is alleged regarding the equal protection claim, meaning that the government need only present a rational basis for its actions." 254 F. Supp. 3d at 162; *see also* ECF No. 68 at 23-24. Under those circumstances, the Ninth Circuit and other courts have held that "the equal protection argument can be folded into the APA argument" and considered on the administrative record. *Ursack Inc. v. Sierra Interagency Black Bear Grp.*, 639 F.3d 949, 955 (9th Cir. 2011); *see also* ECF No. 68 at 25-26 (collecting cases).

      Plaintiffs' cases do not compel a contrary result here. In *Grill v. Quinn*, the pro se

3

1  plaintiff's constitutional claim challenged the agency's procedures, while the APA claim attacked
2  the substance of the decision. No. CIV S-10-0757 GEB, 2012 WL 174873, at *1-2 (E.D. Cal. Jan.
3  20, 2012); *cf. Bellion Spirits*, 335 F. Supp. 3d at 43 (distinguishing *Rydeen v. Quigg*, 748 F. Supp.
4  900, 906 (D.D.C. 1990), on the same basis). Further, while the Supreme Court in *Webster v. Doe*
5  contemplated discovery associated with constitutional claims challenging an employee's discharge
6  from the Central Intelligence Agency, it also held that APA review was unavailable for those
7  claims. 486 U.S. 592, 601, 603 (1988). *Webster* therefore does not address the question whether
8  discovery is necessary when the agency produces an administrative record documenting the basis
9  for its decision, let alone the circumstances that would justify such discovery. To the extent that
10 Plaintiffs contend that the administrative record in this particular case is inadequate, ECF No. 87
11 at 3, they have not shown that the proper remedy is unconstrained discovery into the merits of
12 their constitutional claims, rather than litigating this issue through the normal exceptions
13 concerning extra-record evidence in APA cases. *See Cachil Dehe Band of Wintun Indians of*
14 *Colusa Indian Cmty. v. Zinke*, 889 F.3d 584, 600 (9th Cir. 2018).

Plaintiffs' passing reference to a claim of animus likewise does not provide a basis to permit extra-record discovery. ECF No. 87 at 3; ECF No. 92 at 8. *Lilly Inv., LLC v. City of Rochester*, is inapposite because no federal agency was involved and the APA did not apply. No. 14-CV-10712, 2015 WL 753491, at *10 (E.D. Mich. Feb. 23, 2015). Plaintiffs cite an order permitting discovery in *California v. Ross*, 18-cv-01865-RS, ECF No. 76, but that dispute (over the addition of a question to the census) involves allegations not present here. Indeed, the *Ross* court expressly tied its discovery order to a Southern District of New York court addressing the same issue, where "the Court found that Plaintiffs had made a 'strong showing' of pretext or bad faith on the part of agency decision-makers and, applying well-established precedent, thus authorized discovery beyond the administrative record." *New York v. U.S. Dep't of Commerce*, No. 18-CV-2921 (JMF), 2018 WL 5791968, at *1 (S.D.N.Y. Nov. 5, 2018). Here, the gravamen of Plaintiffs' claim is that the policy lacks a rational basis, not that it was motivated by xenophobic animus. *See* Compl., ECF No. 1 ¶ 65 ("Moreover, given the absence of any evidence of a legitimate rationale, it is difficult to conceive of any motivation, other than animus, for the DoD

4

making it more difficult for qualified immigrants to join the military."). Plaintiffs' additional allegations of a general motif of executive actions adverse to immigrants with lawful status, *see id.* ¶¶ 66-70, are insufficient to support extra-record discovery into DoD's motivations.[2]

Accordingly, the Court denies Plaintiffs' request for extra-record discovery on the merits of their constitutional claims.

**B.  Equitable Relief**

In its prior order, the Court concluded that it was "not limited to the administrative record" when "assessing how the issuance of an injunction may harm the public interest." ECF No. 68 at 48 (quoting *Nat. Res. Def. Council, Inc. v. Evans*, No. C-02-3805-EDL, 2003 WL 22025005, at *1 (N.D. Cal. Aug. 26, 2003)). DoD does not dispute that proposition. *See* ECF No. 74 at 9-10. Rather, DoD argues that the default relief in APA cases is vacating the agency action, not issuing a permanent injunction. ECF No. 87 at 5-6.

The Court agrees with DoD that "[w]hen a court finds an agency's decision unlawful under the [APA], vacatur is the standard remedy." *Klamath-Siskiyou Wildlands Ctr. v. Nat'l Oceanic & Atmospheric Admin. Nat'l Marine Fisheries Serv.*, 109 F. Supp. 3d 1238, 1241 (N.D. Cal. 2015) (citing 5 U.S.C. § 706(2)(A)); *see also Se. Alaska Conservation Council v. U.S. Army Corps of Eng'rs,* 486 F.3d 638, 654 (9th Cir. 2007), *rev'd on other grounds sub nom. Coeur Alaska, Inc. v. Se. Alaska Conservation Council*, 557 U.S. 261 (2009). But, as "standard" implies, it is not the only remedy. In the event that the Court finds the October 13 Memo unlawful, both parties will have the opportunity to advocate for more or less relief than the normal vacatur and remand.

For their part, Plaintiffs may seek injunctive relief in addition to vacatur. *See W. Watersheds Project v. Abbey*, 719 F.3d 1035, 1054 (9th Cir. 2013) (seeking permanent injunctive relief to "limit grazing in riparian areas until the [agency] complie[d]" with its statutory obligations on remand). DoD aptly notes that "[i]f a less drastic remedy (such as partial or complete vacatur of [the agency's] decision) [i]s sufficient to redress [Plaintiffs'] injury, no

---

[2] Because Plaintiffs have made no showing on this question, the Court need not determine the degree to which this inquiry overlaps with the "bad faith" exception to supplementing the administrative record. *Cachil Dehe Band of Wintun Indians*, 889 F.3d at 600.

5

recourse to the additional and extraordinary relief of an injunction [would be] warranted." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165-66 (2010). Nevertheless, DoD cites no case making that determination at the outset of discovery as a basis for dispensing with discovery altogether.

Conversely, DoD has not foreclosed the possibility that it will seek remand *without vacatur*. *See All. for the Wild Rockies v. U.S. Forest Serv.*, 907 F.3d 1105, 1121 (9th Cir. 2018) ("When *equity* demands, however, the [action] can be left in place while the agency reconsiders or replaces the action, or to give the agency time to follow the necessary procedures." (emphasis added)). In making this determination, courts consider "how serious the agency's errors are 'and the disruptive consequences of an interim change that may itself be changed.'" *Cal. Communities Against Toxics v. U.S. E.P.A.*, 688 F.3d 989, 992 (9th Cir. 2012) (per curiam) (quoting *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150-51 (D.C. Cir. 1993)). Given DoD's past reliance on extra-record materials in seeking a stay of the Court's preliminary injunction, ECF No. 74-1, the Court cannot foreclose the possibility that that DoD will seek to rely on similar materials in the future.

In sum, "[a] federal court 'is not required to set aside every unlawful agency action,' and the 'decision to grant or deny injunctive or declaratory relief under APA is controlled by principles of equity.'" *Id.* (quoting *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1343 (9th Cir. 1995)). Both parties appear likely to advocate that the Court depart from the standard remedy in the event that the Court finds in favor of Plaintiffs on the merits. Unless the parties stipulate to seeking no additional relief, the Court has no basis to bar discovery on these equitable questions.[3]

**CONCLUSION**

For the foregoing reasons, the Court denies Plaintiffs' request for extra-record discovery on the merits of their constitutional claims. The Court grants Plaintiffs' request for extra-record discovery on equitable factors relevant to potential relief. The resolution of these threshold

---

[3] DoD also argues that Plaintiffs' initial discovery requests are not relevant to the equitable factors. ECF No. 87 at 6. In this order, the Court merely decides the threshold question whether *any* discovery is appropriate. Whether any *specific* request is appropriate is a question for another day.

6

questions does not preclude the parties from seeking to otherwise supplement the administrative record, nor does it address the propriety of any particular discovery requests.

As discussed at the January 16, 2019 case management conference, the parties shall submit either a stipulated proposed schedule for the remainder of the action or competing proposed schedules. This submission is due by January 30, 2019. If the parties submit competing proposals, the Court will endeavor to choose, in all respects, the single proposal it concludes is most reasonable. *See* Michael Carrell & Richard Bales, *Considering Final Offer Arbitration to Resolve Public Sector Impasses in Times of Concession Bargaining,* 28 Ohio St. J. on Disp. Resol. 1, 20 (2013) ("In baseball arbitration . . . the parties . . . have every incentive to make a reasonable proposal to the arbitrator because the arbitrator will choose the more reasonable offer.").

**IT IS SO ORDERED.**

Dated: January 23, 2019



JON S. TIGAR
United States District Judge