UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAHAO KUANG, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE, et al.,<br><br>    Defendants. | Case No. 18-cv-03698-JST<br><br>**ORDER DENYING MOTION FOR STAY PENDING APPEAL AND GRANTING MOTION FOR CLARIFICATION**<br><br>Re: ECF No. 74 |

Before the Court is Defendants' (collectively, "Department of Defense" or "DoD") motion for a stay pending appeal of a preliminary injunction, and in the alternative, for clarification of the Court's injunction. ECF No. 74. The Court previously held DoD's motion in abeyance pending the resolution of a materially identical stay motion before the Ninth Circuit. ECF No. 91. The Ninth Circuit has now denied that motion. *Kuang v. Dep't of Def.*, No. 18-cv-17381 (9th Cir.), ECF No. 21. The Court will likewise deny DoD's motion for a stay, but grant DoD's motion for clarification.

## I. BACKGROUND

This case concerns Plaintiffs' challenge to a DoD policy regarding the background investigation that DoD conducts for all enlisted recruits as part of their entry into military service. ECF No. 68 at 5-7. In an October 13, 2017 memo ("October 13 Memo"), DoD announced that lawful permanent residents ("LPRs") would be not be able to access into basic training or active service until their full background investigations had been completed. *Id.* at 8. Under the new policy, U.S. citizens – unlike LPRs – remain able to access after an initial screening. *Id.* at 7-8.

On November 16, 2018, the Court issued an order granting Plaintiffs' unopposed motion for class certification, denying DoD's motion to dismiss, and granting Plaintiffs' motion for a

1    preliminary injunction based on their 5 U.S.C. § 706(2) claim under the Administrative Procedure

2    Act. ECF No. 68.

3          On December 14, 2018, DoD appealed the preliminary injunction to the Ninth Circuit,

4    ECF No. 73, and filed the instant motion with this Court for a stay pending appeal, ECF No. 74.

5    Three days later, DoD filed a motion to shorten time, offering to forego the full five-week

6    briefing-and-hearing schedule and asking the Court to rule on the stay motion by December 21,

7    2018. ECF No. 75. On December 20, 2018, the Court granted the request in part, ordering

8    Plaintiffs to file an opposition by January 4, 2019, and stating that it would take the motion under

9    submission at that time. ECF No. 79.

10         The next day, DoD filed a materially similar motion with the Ninth Circuit, *see Kuang*, No.

11   18-17381 (9th Cir.), ECF No. 9. The Ninth Circuit set the same briefing schedule, ordering

12   Plaintiffs to file their opposition to the stay on January 4, 2019. *Id.*, ECF No. 12. Given the

13   pendency of a similar motion before a higher court, this Court then issued an order holding DoD's

14   motion in abeyance pending the Ninth Circuit's ruling. No. 18-cv-03698-JST (N.D. Cal.), ECF

15   No. 91.

16         On February 1, 2019, a divided Ninth Circuit panel denied DoD's request for a stay.

17   *Kuang*, No. 18-17381 (9th Cir.), ECF No. 21. Pursuant to the parties' stipulation, this Court

18   reinstated the briefing schedule on DoD's motion in the district court, and Plaintiffs filed their

19   opposition on February 15, 2019. No. 18-cv-03698-JST (N.D. Cal.), ECF Nos. 100, 102.

20   **II.    MOTION FOR STAY PENDING APPEAL**

21         A district court has the power to stay proceedings "incidental to the power inherent in

22   every court to control the disposition of the causes on its docket with economy of time and effort

23   for itself, for counsel, and for [the] litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

24   The issuance of a stay is a matter of judicial discretion, not a matter of right, and the "party

25   requesting a stay bears the burden of showing that the circumstances justify an exercise of that

26   discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). In exercising its discretion, the Court

27   must consider four factors: "(1) whether the stay applicant has made a strong showing that he is

28   likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay;

1  (3) whether issuance of the stay will substantially injure the other parties interested in the

2  proceeding; and (4) where the public interest lies." *Id.* at 434 (citation omitted).  Under Ninth

3  Circuit precedent, the movant "must show that irreparable harm is probable and either: (a) a strong

4  likelihood of success on the merits and that the public interest does not weigh heavily against a

5  stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the

6  [movant's] favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (per curiam).

7  Here, as noted above, DoD's stay motion raises the same arguments that it presented to the

8  Ninth Circuit.  The same legal standard applies.  *See Leiva-Perez*, 640 F.3d at 970; *Friends of Earth v. Sanderson Farms, Inc.*, No. 17-CV-03592-RS, 2019 WL 330905, at *1 (N.D. Cal. Jan. 25, 2019).  The Court sees no reason to reach a different result than the Ninth Circuit on an identical record, even assuming the Court were empowered to do so.  *Cf. E. Bay Sanctuary Covenant v. Trump*, No. 18-CV-06810-JST, 2018 WL 6660080, at *4-5 (N.D. Cal. Dec. 19, 2018).  Accordingly, the Court DENIES DoD's motion for a stay.

### III. MOTION FOR CLARIFICATION

In the alternative, DoD requests that the Court clarify the scope of its injunction.  ECF No. 74 at 18.  Specifically, DoD asks whether the injunction "preclude[s] [it] from responding to identified security concerns by developing a policy different than that reflected in the October 13, 2017 Memo, provided it does not classify on the basis of a recruit's LPRs status or otherwise apply different standards or requirements to LPR accessions than to U.S. national accessions." *Id.*  Plaintiffs oppose this alternative motion, arguing that it improperly seeks an advisory opinion from the Court.  ECF No. 102 at 23.

As courts have recognized, "[t]he Supreme Court teaches that when questions arise as to the interpretation or application of an injunction order, a party should seek clarification or modification from the issuing court, rather than risk disobedience and contempt." *Regents of the Univ. of Cal v. Aisen*, No. 15-cv-1766-BEN (BLM), 2016 WL 4681177, at *1 (S.D. Cal. Sept. 7, 2016) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949); *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 15 (1945)); *see also Donovan v. Sureway Cleaners*, 656 F.2d 1368, 1373 (9th Cir. 1981) ("If after altering the contracts Sureway was unsure as to the applicability of the

3

1    prior injunction, it could have petitioned the court for a modification or clarification of the

2    order."). Although the decision whether to clarify an injunction is entrusted "to the sound

3    discretion of the court," the Supreme Court has suggested that courts should not "withhold a

4    clarification in the light of a concrete situation that le[aves] parties or 'successors and assigns' in

5    the dark as to their duty toward the court." *Regal*, 324 U.S. at 15. In the absence of a "concrete

6    case," however, parties and courts should not use a motion for clarification to adjudicate "an

7    abstract controversy" that does not raise the specter of contempt for noncompliance with an

8    injunction. *Id.*

9    Here, in light of the delicate nature of an injunction against the executive branch (and the

10   military in particular), the Court will clarify its injunction to the degree possible. In its

11   preliminary injunction order, the Court concluded that the October 13 Memo was likely arbitrary

12   and capricious due to the lack of evidence in the administrative record supporting the policy

13   change, *see* 5 U.S.C. § 706(2)(A), and the Court entered an injunction on that basis. ECF No. 68

14   at 49-51. In other words, the Court found that DoD had not adequately justified the particular

15   policy enacted by the October 13 Memo. The parties have not litigated, nor has the Court

16   expressed any views on, any other policy governing accessions into the military. DoD is therefore

17   correct that the injunction cannot be read to preclude it from adopting an accessions policy besides

18   the one contained in the October 13 Memo, because that was the only policy before the Court.

19   The Court cannot give DoD a preliminary advisory opinion or otherwise offer guidance on

20   the contents of a hypothetical, unidentified policy. *See Regal*, 324 U.S. at 15-16. Moreover,

21   whether such a policy would survive an arbitrary-and-capricious challenge would depend on the

22   record before DoD at the time of a future decision – a record which is not before the Court, and

23   which will presumably differ from the one underlying the October 13 Memo. *See Cachil Dehe*

24   *Band of Wintun Indians of Colusa Indian Cmty. v. Zinke*, 889 F.3d 584, 600 (9th Cir. 2018). A

25   motion for clarification is therefore not an inappropriate vehicle for litigating the merits of any

26   new policy. *Cf. Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 162 (2010) ("[I]f and when

27   [the agency] pursues a partial deregulation that arguably runs afoul of [the statute], respondents

28   may file a new suit challenging such action and seeking appropriate preliminary relief.").

# CONCLUSION

For the foregoing reasons, the Court DENIES DoD's motion for a stay pending appeal. The Court GRANTS DoD's motion to clarify its injunction, as explained above.

**IT IS SO ORDERED.**

Dated: February 20, 2019



JON S. TIGAR
United States District Judge