# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAHAO KUANG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF DEFENSE, et al., <br><br> Defendants. | Case No. 18-cv-03698-JST <br><br> **ORDER GRANTING MOTION TO STAY PROCEEDINGS PENDING APPEAL** <br><br> Re: ECF No. 104 |

Before the Court is Defendants' (collectively, "Department of Defense" or "DoD") motion to stay proceedings pending their interlocutory appeal of the Court's preliminary injunction. ECF No. 104. The Court will grant the motion.

## I. BACKGROUND

This case concerns Plaintiffs' challenge to a DoD policy regarding the background investigation that DoD conducts for all enlisted recruits as part of their entry into military service. ECF No. 68 at 5-7. In an October 13, 2017 memo ("October 13 Memo"), DoD announced that lawful permanent residents ("LPRs") would be not be able to access into basic training or active service until their full background investigations had been completed. *Id.* at 8. Under the new policy, U.S. citizens – unlike LPRs – remain able to access after an initial screening. *Id.* at 7-8.

On November 16, 2018, the Court issued an order granting Plaintiffs' unopposed motion for class certification, denying DoD's motion to dismiss, and granting Plaintiffs' motion for a preliminary injunction based on their 5 U.S.C. § 706(2) claim under the Administrative Procedure Act ("APA"). ECF No. 68.

On December 14, 2018, DoD appealed the injunction to the Ninth Circuit, ECF No. 73, and filed a motion with this Court for a stay pending appeal, ECF No. 74. Before the Court ruled

on that motion, DoD filed a materially similar motion with the Ninth Circuit. *See Kuang*, No. 18-17381 (9th Cir.), ECF No. 9. Given the pendency of a similar motion before a higher court, this Court then issued an order holding DoD's motion in abeyance pending the Ninth Circuit's ruling. No. 18-cv-03698-JST (N.D. Cal.), ECF No. 91.[1]

While the parties were briefing the stay motion before the Ninth Circuit, the parties raised a discovery dispute to this Court. ECF Nos. 87, 92, 93. On January 23, 2019, the Court issued an order denying Plaintiffs' request for extra-record discovery on their constitutional claims but granting such discovery on equitable factors relevant to potential relief. ECF No. 94.

On February 1, 2019, a divided Ninth Circuit panel denied DoD's motion to stay the injunction pending appeal. *Kuang*, No. 18-17381 (9th Cir.), ECF No. 21. This Court then reinstated briefing on DoD's original stay motion and denied it on February 20, 2019. ECF No. 103. The Court did, however, grant DoD's alternative request and clarified the scope of its injunction. *Id.* at 4.

Twenty days later, DoD filed this motion. ECF No. 104. Having failed to obtain a stay of the preliminary injunction, DoD now seeks to stay further district court proceedings until "the Ninth Circuit and, if necessary, the Supreme Court," resolve DoD's interlocutory appeal. *Id.* at 2. Plaintiffs oppose. ECF No. 109.

Under the parties' stipulated case management schedule, discovery will close in September 2019, followed by dispositive cross-motions for summary judgment, with briefing concluding in December 2019. ECF Nos. 96, 101. Meanwhile, the Ninth Circuit has set oral argument on DoD's interlocutory appeal for June 14, 2019. *Kuang*, No. 18-17381 (9th Cir.), ECF No. 36.

## II.  LEGAL STANDARD

The parties dispute the legal standard that governs DoD's motion. DoD contends that the Court should apply a three-factor test derived from *Landis v. North American Co.*, 299 U.S. 248 (1936). ECF No. 104 at 3-4. Under this test, courts examine (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer [if the

---

[1] All further ECF citations are to this Court's docket unless otherwise indicated.

case is allowed] to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Plaintiffs, on the other hand, argue that the Court must decide this motion based on the same four-factor test that governs a request to stay an injunction pending appeal. ECF No. 109 at 7. That test requires a court to consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). Under Ninth Circuit precedent, the movant "must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the [movant's] favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (per curiam). For simplicity, the Court will refer to these different sets of factors as the *Landis* test or the *Nken* test.

It appears that the Ninth Circuit has not addressed which test applies here. Indeed, district courts in this circuit have catalogued a divide "regarding the appropriate standard by which a district court is to exercise its discretion in whether to grant a stay pending an interlocutory appeal." *United States ex rel. Atlas Copco Compressors LLC v. Rwt LLC*, No. CV 16-00215 ACK-KJM, 2017 WL 2986586, at *11 n.11 (D. Haw. July 13, 2017); *see also Finder v. Leprino Foods Co.*, No. 113CV02059AWIBAM, 2017 WL 1355104, at *2-3 (E.D. Cal. Jan. 20, 2017) (reviewing different lines of authority).

Consistent with one line of authority, Plaintiffs contend that the *Landis* test applies only "when a court is asked to stay one case pending the resolution of proceedings in a *different* case." ECF No. 109 at 8 n.3. Plaintiffs correctly observe that *Landis* itself involved "the power of a court to stay proceedings in one suit until the decision of another," 299 U.S. at 249, and that the Ninth Circuit refined its test in cases likewise considering whether the Court should enter a stay

3

"pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).[2] Though Plaintiffs cite no authority expressly adopting their view, there are district court cases (including from this Court) that have applied the *Nken* test to determine whether to grant a stay of proceedings pending interlocutory appeal. *See, e.g.*, *United States v. Acad. Mortg. Corp.*, No. 16-CV-02120-EMC, 2018 WL 4794231, at *1-2 (N.D. Cal. Oct. 3, 2018); *Pena v. Taylor Farms Pac., Inc.*, No. 2:13-CV-01282-KJM-AC, 2015 WL 5103157, at *2 (E.D. Cal. Aug. 31, 2015); *United States v. Real Prop. & Improvements Located at 2366 San Pablo Ave.*, No. 13-CV-02027-JST, 2015 WL 525711, at *1 (N.D. Cal. Feb. 6, 2015). Critically, however, none of these decisions discussed the *Landis* test or offered a reasoned analysis as to why the *Nken* test applied.

Further, a review of the case law suggests that district courts that have directly confronted the question have overwhelmingly concluded that the *Landis* test or something similar governs. Those courts have reasoned that the *Nken* test "is applicable when there is a request to stay a district court's *judgment or order* pending an appeal of the same case," while *Landis* applies to the decision to stay *proceedings*, regardless whether the stay is based on a direct appeal or an independent case. *23andMe, Inc. v. Ancestry.com DNA, LLC*, No. 18-CV-02791-EMC, 2018 WL 5793473, at *3 (N.D. Cal. Nov. 2, 2018) (emphasis added); *see also, e.g.*, *Freeman Expositions, Inc. v. Glob. Experience Specialists, Inc.*, No. SACV1700364CJCJDEX, 2017 WL 6940557, at *1 n.3 (C.D. Cal. June 27, 2017); *Unitek Solvent Servs., Inc. v. Chrysler Grp. LLC*, No. 12-00704 DKW-RLP, 2014 WL 12576648, at *1-2 (D. Haw. Jan. 14, 2014); *Doe 1 v. AOL LLC*, 719 F. Supp. 2d 1102, 1107 n.1 (N.D. Cal. 2010); *Asis Internet Servs. v. Active Response Grp.*, No. C07 6211 TEH, 2008 WL 4279695, at *4 n.1 (N.D. Cal. Sept. 16, 2008) (explaining that the *Nken* test

---

[2] Consistent with this statement, the Ninth Circuit has applied the *Landis* test to "separate proceedings [that] are judicial, administrative, or arbitral in character." *Leyva*, 593 F.2d at 863-64 (stay pending arbitration of claims); *see also Lockyer*, 398 F.3d at 1100 (stay pending resolution of defendants' bankruptcy petitions in an another court); *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (stay pending arbitration); *CMAX*, 300 F.2d at 266 (stay pending administrative enforcement proceeding against plaintiff).

4

"govern[s] a district court's judgment or other order pending appeal, not a stay of ongoing proceedings").³

The Court agrees with these courts that the relevant considerations here are more akin to those the *Landis* test is designed to address. As the *23andMe* court noted, "[a]lthough *Landis* is generally applied where there is a request to stay proceedings pending a decision in a different case (this was true in *Landis* itself), *Landis* broadly states that 'the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" 2018 WL 5793473, at *3 (quoting *Landis*, 299 U.S. at 254). These same concerns exist where, as here, a court "considers whether it should proceed forward on discovery . . . and pre-trial litigation in [an] action in light of the potential that the appellate court will determine that a large portion of the action should be dismissed, rendering much of the work to be completed meaningless." *Finder*, 2017 WL 1355104, at *2.

By contrast, different concerns predominate when a court decides whether to stay an injunction or other order. There, the overarching question is not whether going forward with the litigation will be inefficient for the parties and the court, but rather if equity demands that the court "preserve the pre-judicial-relief status quo pending the appellate court's determination of the correctness of that relief." *Id.* (citing *Nken*, 556 U.S. at 434). In most cases, the choice between relief and no relief is starker than the choice between litigating or not litigating. Accordingly, the types and degree of harm necessary to support a stay may differ. *Id.* at *3. Moreover, because the

---

³ In declining to apply *Nken*, some courts have instead adopted "a variation on the *Landis* factors" drawn from stays pending interlocutory appeals certified under 28 U.S.C. § 1292(b): "whether (1) resolution by the Ninth Circuit of the issue addressed in the appealed order could materially affect this case and advance the ultimate termination of litigation and (2) whether a stay will promote economy of time and effort for the Court and the parties." *Finder*, 2017 WL 1355104, at *2 (quoting *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, No. CV 14-09603-AB (SSX), 2015 WL 10791930, at *3 (C.D. Cal. Nov. 5, 2015)); *see also Consumer Cellular, Inc. v. ConsumerAffairs.com*, No. 3:15-CV-1908-PK, 2016 WL 7238919, at *4 (D. Or. Sept. 26, 2016) ("[T]he appropriate factors to be considered in the exercise of the court's discretion whether or not to grant the stay requested here are those of the *Am. Hotel*/Section 1292 test considered together with those of the *Landis*/*CMAX* test.").

1  impacts of an injunction – or the conduct that will occur in its absence – may ripple far beyond the
2  parties and the court, a broader consideration of the public interest is necessary.

For those reasons, the Court applies the *Landis* factors to DoD's motion.

### III.  ANALYSIS

#### A.  Balancing Hardships

Under the first two *Landis* factors, "the Court must balance the hardships of the parties if the action is stayed or if the litigation proceeds." *Manriquez v. DeVos*, No. 17-CV-07210-SK, 2018 WL 5316174, at *2 (N.D. Cal. Aug. 30, 2018). And "'if there is even a fair possibility that the stay . . . will work damage to someone else,' the party seeking the stay 'must make out a clear case of hardship or inequity.'" *Id.* (alteration in original) (quoting *Landis*, 299 U.S. at 255).

Here, the Court's preliminary injunction will remain in place for the duration of the stay. This weighs against a finding of harm to Plaintiffs. *See E. Bay Sanctuary Covenant v. Trump*, No. 18-CV-06810-JST, 2019 WL 1048238, at *2 (N.D. Cal. Mar. 5, 2019) ("While a delay in the ability to 'seek[ ] injunctive relief against ongoing and future harm' militates against a stay, Plaintiffs have already secured such relief, albeit in preliminary form." (quoting *Lockyer*, 398 F.3d at 1112)). Although Plaintiffs argue that a stay will delay their ability to obtain permanent injunctive relief, they do not identify any specific harm that will occur while the preliminary injunction is in place. *Cf. Bernstein v. Virgin Am., Inc.*, No. 15-CV-02277-JST, 2018 WL 3349183, at *4 (N.D. Cal. July 9, 2018) ("Here, Plaintiffs will suffer damage because 'the passage of time will make it more difficult to reach class members and will increase the likelihood that relevant evidence will dissipate.'" (quoting *Cabiness v. Educ. Fin. Sols., LLC*, No. 16-CV-01109-JST, 2017 WL 167678, at *3 (N.D. Cal. Jan. 17, 2017)).[4]

The Court acknowledges Plaintiffs' concern that a stay might be lengthy in duration. ECF No. 109 at 13-14. While DoD notes that the Ninth Circuit has already scheduled oral argument for June 14, 2019, the Ninth Circuit's procedures for preliminary injunction appeals do not require the

---

[4] Plaintiffs assert, without evidentiary support, that DoD has not complied with the Court's injunction in some instances. ECF No. 109 at 11. Obtaining a permanent injunction, rather than a preliminary one, would not change DoD's obligations to follow the Court's orders. If DoD has in fact failed to comply or does so in the future, Plaintiffs should seek appropriate relief.

6

1 court to rule by any particular time. *See* Ninth Circuit Rules 3-3, 34-3. Moreover, the issues presented and the course of this litigation thus far suggest a reasonable probability that even once the Ninth Circuit issues a decision, "one or more parties may file a petition for rehearing en banc, a petition for certiorari at the Supreme Court, or both." *Bernstein*, 2018 WL 3349183, at *3.

At the same time, some amount of delay is inherent in a stay, and a stay's precise duration will generally be uncertain when based on proceedings before an independent adjudicative body. Importantly, the potential length of a stay here is mitigated by the lack of identified prejudice to Plaintiffs. Under these circumstances, the Court finds it "likely the [appellate] proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to th[is] [C]ourt." *Leyva*, 593 F.2d at 864.

Turning to the second factor, even if DoD "must make out a clear case of hardship or inequity," *Landis*, 299 U.S. at 255, it has done so. It is true that, as a general matter, "being required to defend a suit, without more," does not suffice. *Lockyer*, 398 F.3d at 1112. Logically, this includes the ordinary burdens of discovery.

"However, neither this lawsuit, nor the discovery Plaintiffs seek is typical." *Washington v. Trump*, No. C17-0141JLR, 2017 WL 2172020, at *4 (W.D. Wash. May 17, 2017). Plaintiffs are pursuing discovery into documents connected to sensitive elements of military background investigations, including draft proposed policies, the process for mitigating derogatory information revealed during investigations, and specific security incidents involving military personnel. ECF No. 105-1 at 11-13, 15; ECF No. 105-2 at 8. The parties allude to imminent discovery disputes regarding these and other materials. ECF No. 109 at 6-7. Plaintiffs have also indicated that they intend to depose various DoD officials. *See* ECF No. 101 at 1 (denying DoD's opposed request to limit the number of depositions).

The Court expresses no view as to whether Plaintiffs are entitled to these specific materials if or when this action proceeds. But these requests undoubtedly implicate sensitive areas of military policy in which courts must tread more carefully than in other contexts. Although the Court previously held that the *Mindes* doctrine did not bar review altogether, *see Kuang v. United States Dep't of Def.*, 340 F. Supp. 3d 873, 896-99 (N.D. Cal. 2018), the doctrine's underlying

7

precepts still inform the Court's decision here. For example, in finding a servicemember's intentional race discrimination claim unreviewable under *Mindes*, the Ninth Circuit cautioned that "[t]he officers who participated in reviewing appellant's performance would have to be examined to determine the grounds and motives for their ratings." *Gonzalez v. Dep't of Army*, 718 F.2d 926, 930 (9th Cir. 1983). The court explained that it "would not shrink from such an assessment in a civilian setting," but that the "very sensitive area of military expertise and discretion" compelled greater restraint. *Id.*

As explained in greater detail below, it is possible that a higher court will conclude that the October 13 Memo is unreviewable, in which case Plaintiffs will not be entitled to any discovery into these areas of military background investigations and national security determinations. The Court agrees with the *Washington* court that, particularly where discovery disputes are anticipated, prudence favors allowing "the Ninth Circuit [to] address[] issues that may inform the appropriateness, scope, and necessity of that discovery" before wading into these difficult questions. *Id.* at *4. To be clear, the Court does not suggest that this result is always compelled when discovery involves military or other executive officials. But under these specific circumstances, DoD has sufficiently demonstrated that it will suffer hardship in being required to go forward with discovery.

Accordingly, the balance of the first two *Landis* factors supports a stay.

**B.      Orderly Course of Justice**

The final *Landis* factor requires the Court to consider "the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110. "[C]onsiderations of judicial economy are highly relevant" to this evaluation. *Gustavson v. Mars, Inc.*, No. 13-CV-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014).

As a threshold matter, because this stay does not involve a separate proceeding, there is no question that there is a sufficient "degree of overlap" so that a stay will serve judicial economy. *Bernstein*, 2018 WL 3349183, at *2. In addition, DoD's interlocutory appeal may impact the entire case, not just some of the claims. *Cf. Manriquez*, 2018 WL 5316174, at *3 ("Here, the

8

resolution of the issue on appeal will not address all of the claims alleged by Plaintiffs, but resolution on appeal has the potential to narrow the claims before the Court.").

DoD asserts that its interlocutory appeal contains issues that may dispose of the case or significantly reshape the merits. ECF No. 104 at 4. The Court agrees. In particular, the Ninth Circuit may decide that either the *Mindes* doctrine or the APA, 5 U.S.C. § 701(a)(2), bar review. It may also determine that one or more of DoD's extra-record declarations should be considered in evaluating Plaintiffs' APA and constitutional claims.

Plaintiffs' only argument on this factor is that judicial economy will not be served because DoD's appeal is unlikely to succeed, given that the Ninth Circuit has already declined to stay the Court's injunction pending appeal. ECF No. 109 at 15. Accordingly, Plaintiffs suggest, the Ninth Circuit's ultimate ruling will not simplify the issues because it will most likely leave the landscape of this litigation untouched.

The likelihood of success on the merits is not an independent factor under *Landis*, and therefore does not carry the same weight in this context. *See Bascom Research LLC v. Facebook, Inc.*, No. C 12-6293 SI, 2014 WL 12795380, at *2 (N.D. Cal. Jan. 13, 2014) (rejecting arguments based on "irreparable harm or likelihood of success on the merits" where "plaintiff relies on cases addressing the legal standard applicable for preliminary injunctions or stays of judgments pending appeal, not stays of district court proceedings when in the interest of judicial efficiency"); *Asis Internet Servs.*, 2008 WL 4279695, at *4 ("The Plaintiffs' extensive discussion, therefore, of the likelihood of success on the merits (and Defendant's response thereto) are irrelevant to the stay issue [under *Landis*] here."). Moreover, an appellate ruling that leaves in place a preliminary injunction may nonetheless resolve intermediate issues in a manner that simplifies further proceedings. Plaintiffs also vastly overstate the inferences that can be drawn from the motion panel's order, which gave no reasons for denying the stay. *See Kuang*, No. 18-17381 (9th Cir.), ECF No. 21 at 1. Plaintiffs' argument is therefore unpersuasive.

Finally, the Court addresses the Ninth Circuit's repeated admonition "not to delay trial preparation to await an interim ruling on a preliminary injunction." *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018). Such stays are often of doubtful utility because, due to the Ninth

9

Circuit's "limited scope of review and the paucity of the factual record on a preliminary injunction application, [its] disposition 'may provide little guidance as to the appropriate disposition on the merits' and will often 'result in unnecessary delay to the parties and inefficient use of judicial resources.'" *Glob. Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054, 1058-59 (9th Cir. 2007) (quoting *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982)). As the Court recently explained, however, those concerns "carry less force" where the critical issues are purely legal and the full administrative record is on appeal. *E. Bay Sanctuary Covenant*, 2019 WL 1048238, at *2.

As to the first point, the merits of Plaintiffs' claims turn on the factual adequacy of DoD's justifications for discriminating between LPRs and U.S. citizens. But, as described above, there are threshold issues about reviewability under *Mindes* and whether the October 13 Memo is a decision "committed to agency discretion by law," 5 U.S.C. § 701(a)(2), that are largely independent of the factual record. As to the second, the parties have "expressed an[] intent to supplement the record going forward," unlike in *East Bay Sanctuary Covenant*. 2019 WL 1048238, at *3. Given that the scope of the record is at issue on appeal, however, it would be just as inefficient to proceed without the benefit of the Ninth Circuit's guidance on this point.

Accordingly, the Court concludes that this factor also weighs in favor of a stay.

## CONCLUSION

For the foregoing reasons, the Court GRANTS DoD's motion to stay these proceedings.

**IT IS SO ORDERED.**

Dated: April 15, 2019

JON S. TIGAR
United States District Judge